UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>D-1 ADAM SCRIVNER,<br>D-2 SAMUEL SUTTON, and<br>D-3 ALFRED BRAGG,<br><br>Defendants.<br>_____/ | Case: 2:22-cr-20413<br>Assigned To : Murphy, Stephen J., III<br>Referral Judge: Patti, Anthony P.<br>Assign. Date : 8/4/2022<br>Description: INDI USA V. SEALED MATTER (DA)<br><br>Violations: 21 U.S.C. § 846<br>21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 922(g)<br>18 U.S.C. § 924(c) |

INDICTMENT

THE GRAND JURY CHARGES:

COUNT ONE:
Conspiracy to Possess with Intent to Distribute Controlled Substances
21 U.S.C. § 846

D-1 ADAM SCRIVNER
D-2 SAMUEL SUTTON
D-3 ALFRED BRAGG

From in or around 2019, the exact date being unknown to the Grand Jury, and continuing through February 22, 2021, in the Eastern District of Michigan, and elsewhere, the defendants, ADAM SCRIVER, SAMUEL SUTTON and ALFRED BRAGG, did knowingly and intentionally conspire and agree with each other, and with others known and unknown to the Grand Jury, to possess with intent to

distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

With respect to defendant ADAM SCRIVER the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are:

    A.    Five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii); and

    B.    A mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to defendant SAMUEL SUTTON, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is:

    A.    500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

With respect to defendant ALFRED BRAGG, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are:

A. A mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C); and

## COUNT TWO:
**Possession with Intent to Distribute Controlled Substances**
**21 U.S.C. § 841(a)(1)**

D-3 ALFRED BRAGG

On or about February 22, 2021, within the Eastern District of Michigan, the defendant, ALFRED BRAGG, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THREE:
**Possession of a Firearm by a Felon**
**18 U.S.C. § 922(g)**

D-3 ALFRED BRAGG

On or about February 22, 2021, in the Eastern District of Michigan defendant, ALFRED BRAGG, knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Ruger SR9C pistol, a Ruger SR9 pistol, and an AK-47 pistol, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR:
### Possession of a Firearm in Furtherance of a Drug Trafficking Offense
### 18 U.S.C. § 924(c)

D-2 SAMUEL SUTTON

On or about February 22, 2021, in the Eastern District of Michigan, the defendant, SAMUEL SUTTON, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute a controlled substance, as charged in Count One of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

### FORFEITURE ALLEGATIONS
### Criminal Forfeiture
### 21 U.S.C. § 853(a); 18 U.S.C. § 924(d); 28 U.S.C. § 2461(c))

The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a), Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

Pursuant to Title 21, United States Code, Section 853(a), upon conviction of the offense set forth in Count One or Count Two of this Indictment, the convicted defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, the offense.

Upon conviction of the offenses set forth in Counts Three and Four of this Indictment, in violation of Title 18, United States Code, Sections 922(g) and 924(c), defendants, ALFRED BRAGG and SAMUEL SUTTON, respectively shall forfeit to the United States any firearm and ammunition involved in the commission of the offenses pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

If by any act or omission of defendant, the property described above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or, has been commingled with other property which cannot be divided without difficulty, defendant shall forfeit any other property up to the value of such unavailable assets, pursuant to Title 21, United Sates Code, Section 853(p).

                                              THIS IS A TRUE BILL.

                                              *s/ Grand Jury Foreperson*
                                              Grand Jury Foreperson

DAWN N. ISON
United States Attorney

*s/ Ben Coats*
BEN COATS
Chief, Drug Task Force Unit
Assistant United States Attorney


*s/ Andrea Hutting*
Andrea Hutting (P68606)
Assistant United States Attorney


Dated: 8/4/2022

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove[r] | Case: 2:22-cr-20413<br>Assigned To : Murphy, Stephen J., III<br>Referral Judge: Patti, Anthony P.<br>Assign. Date : 8/4/2022<br>Description: INDI USA V. SEALED MATTER (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to compl[ete]

## Companion Case Information

| | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: AH |

Case Title: USA v. Adam Scrivner

County where offense occurred : Wayne

Check One:    ☒ Felony    ☐ Misdemeanor    ☐ Petty

✓ Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

August 4, 2022
Date

*[signature]*
Andrea Hutting
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9110
E-Mail address: Andrea.Hutting@usdoj.gov
Attorney Bar #: P68606

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.